UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In re:                                          )
    RICHARD J. STERN,                       )
                                            )  Case No. 10-71229
                  Debtor.                   )
                                            )

**UNITED STATES TRUSTEE'S
OBJECTION TO THE CHAPTER 7 TRUSTEE'S
FINAL REPORT AND APPLICATIONS FOR COMPENSATION**

    Patrick S. Layng, United States Trustee for the Northern District of Illinois, Western Division, by his attorney, Carole J. Ryczek, objects to the Trustee's Final Report and Applications for Compensation submitted by the Chapter 7 Trustee in this case, Daniel M. Donahue. In support of this objection, the United States Trustee states the following:

    1.    The debtor in this case, Richard J. Stern ("the Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 16, 2010. Attorney Joseph D. Olsen represented the Debtor in his bankruptcy case.

    2.    Daniel M. Donahue ("the Trustee") was appointed to serve as the Chapter 7 trustee in the Debtor's bankruptcy case.

    3.    On the Debtor's Schedule B, he listed, among other personal property, an anticipated $6,000 income tax refund. The Debtor did not claim an exemption as to the refund on his original Schedule C.

    4.    The Trustee conducted the Section 341 meeting in the Debtor's bankruptcy case on April 29, 2010.

5. On May 12, 2010, the Debtor filed an amended Schedule C on which he claimed a $2,450 exemption to the tax refund, pursuant to 735 ILCS 5/12-1001(b).

6. On May 20, 2010, the Trustee filed an application to employ himself as the attorney for the estate. This Court granted the application on June 16, 2010.

7. The Trustee filed his initial report of assets on July 20, 2010.

8. None of the Debtor's creditors filed a proof of claim.

9. The Trustee submitted a Final Report and Applications for Compensation in which he reported receipts totaling $3,502.64, and requested to be paid from this sum a trustee's commission of $313.17, $927.50 in attorney's fees, and $12.00 in attorney's costs.

10. Because the Trustee did not distribute any funds to the Debtor's creditors, the commission he requested is based *solely* on the attorney's fees and costs he incurred as attorney for the estate. Although this is technically permissible, under the circumstances of this case, the United States Trustee objects to the Trustee's request for a commission and for payment of $927.50 in attorney's fees and $12.00 in costs.

11. Of the 3.5 hours of attorney time the Trustee claims in his Application for Compensation of Trustee's Counsel for Compensation and Reimbursement of Expenses ("the Application"), 1.7 hour was for review of the Debtor's tax returns and calculation of the amount to be turned over to the Trustee. This is a task for the Trustee himself – not the attorney for the Trustee. *See* 11 U.S.C. § 704(a)(1), (4) ("The trustee shall collect and reduce to money the property of the estate for which such trustee serves . . . ; [and] investigate the financial affairs of the debtor . . ."). Subtracting the Debtor's exemption from the amount of the tax refund the Debtor was to receive requires no legal training or expertise whatsoever. Pursuant to Section 328(b) of the

2

Bankruptcy Code, the Trustee cannot receive compensation as the attorney of the estate for these tasks. Section 328(b) of the Bankruptcy Code provides:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of any attorney or accountant for the estate.

11 U.S.C. § 328(b). Because the Trustee, in performing his statutory duties under Section 704 of the Code, was required to review the Debtor's tax returns and calculate the amount to be turned over, the Court cannot compensate the Trustee as the attorney for the estate for this time.

12. Even if the Court should decide that the Trustee is entitled to some compensation as attorney for the estate for the time he spent reviewing the Debtor's tax return and calculating the amount to be turned over, 1.7 hour is an excessive amount of time for these services. Unless the tax return disclosed assets that the Debtor failed to list on his bankruptcy papers – and there is no indication that it did – a review of the return and calculation of the amount of the turnover should have taken about 0.2 hour, or 90 minutes less than what the Trustee claims.

13. Similarly, in a time entry dated June 10, 2010, the Trustee seeks attorney compensation for 0.2 hour he spent reviewing an email from Attorney Olsen "regarding status." Given the vagueness of this entry, it is difficult to ascertain exactly what the subject of the email was; however, it is a fair assumption that it concerned the Debtor's receipt of his tax refund. If that is the case, then the receipt and review of this message was a duty of the Trustee, rather than the Trustee's attorney. When necessary, the Trustee has a duty to communicate with counsel for debtors to collect assets of an estate. That appears to be what happened here. Pursuant to Section 328(b), the Court may not award attorney compensation to the Trustee for the 0.2 hour he spent reading an

email from Attorney Olsen.

14. As the United States Trustee mentioned above, on May 12, 2010, Attorney Olsen filed an amended Schedule C that included an exemption claim for the tax refund. According to the Application, the only "attorney" work that the Trustee had performed at that point was the preparation of a motion to employ, on May 9, 2010. The time entry for this date indicates that the Trustee spent 0.60 hour on this task, but did not file the application to employ until May 20. If the Debtor's amended Schedule C changed the Trustee's decision to administer the tax refund, the Trustee could have ceased work on the case after May 12. He chose not to do so.

15. One of the time entries included in the Application is an entry dated June 16, 2010, for 0.7 hour, when the Trustee attended a hearing on the application to employ himself as the attorney for the estate, and spoke to Attorney Olsen. The Trustee's time entry does not indicate the subject of the communication with Attorney Olsen, nor does it state how much time the Trustee spent on each task.

16. Here, where the Debtor voluntarily turned an asset over to the Trustee, there was no need for the Trustee to employ an attorney for the estate before creditors filed proofs of claims. In other words, unless and until one or more of the Debtor's creditor had filed an objectionable proof of claim, an application to employ an attorney for the estate was premature. In light of these facts, the Court should not reward the Trustee's haste in filing such an application by awarding him attorney's fees relating to it.

17. The only remaining time entry included in the Application is 0.7 hour on January 17, 2011, for work on his fee request. Of course, the Trustee would not have had to do this work if he had waited until after creditors had filed proofs of claims before he employed himself as the attorney

4

for the estate. Again, the United States Trustee believes that the Court should deny compensation for this unnecessary task.

18. Not only is the Trustee asking this Court to award him fees and costs as the attorney for this estate, but he is asking the Court for a trustee's commission on top of that, *even though not he did not distribute a cent to any of the Debtor's creditors*. In the United States Trustee's view, although this is technically permissible, it is an abuse of the Trustee's position under the circumstances of this case. Particularly where, as here, the Trustee had no need to employ an attorney for the estate, and where he did no actual legal work, an award of a Trustee's commission calculated as a percentage of the attorney's fees and costs would be excessive. Even if the Court is inclined to award the Trustee attorney's fees and costs, the United States Trustee asks this Court to exercise its discretion under Section 326(a) to deny the Trustee a commission in this case.

For the reasons set forth above, the United States Trustee respectfully requests that this Court deny the Trustee's Applications for Compensation in this case.

Dated: April 6, 2011                                       Respectfully submitted,

                                                                   PATRICK S. LAYNG
                                                                  United States Trustee

                                          By:    */s/ Carole J. Ryczek*
                                                   CAROLE J. RYCZEK
                                                   Attorney for the United States Trustee

Office of the U.S. Trustee
780 Regent Street
Suite 304
Madison, Wisconsin 53715
(608) 264-5522, ext. 13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 6, 2011, she served a copy of the **United States Trustee's Objection to the Trustee's Final Report and Applications for Compensation** in this case by electronic mail from the Clerk's Office on Attorney Joseph D. Olsen and on Trustee Daniel M. Donahue.

                                                              */s/ Carole J. Ryczek*
                                                              Carole J. Ryczek
                                                              Attorney